STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 23 42

Marin Magat,
*et. al.*

v.                                                     ORDER

City of Portland

Before the Court is Plaintiffs' Motion for Injunctive Relief.

## FACTS

A group of neighbors, acting *pro se*,[1] bring this action in opposition to the

Fallbrook housing development in their neighborhood. The Superior Court has already

affirmed the Planning Board approval of the project. *Houseal v. City of Portland*, Cumb

Cty, Docket AP 20-35, June 1, 2021. The Plaintiffs filed a Motion for Injunctive Relief.

They did not file a separate Complaint, but the court treats the one document as both a

Complaint and a Motion for Injunctive Relief for the purposes of this motion only.

The primary reason behind the Motion is a request that the court issue an

injunction preventing the blasting necessary for the project. The Motion cites a wide

variety of the types of complaints that are common from those in the vicinity of the

---

[1] While any Plaintiff may represent themselves, no individual Plaintiff may represent any other Plaintiff which would be the unauthorized practice of law. 4 MRS § 807. If any individual Plaintiff is participating, they must sign a complaint. The pieces of paper that were submitted with parties signatures do not suffice. Although the court does not address it at this stage, the case of any individual Plaintiff is subject to dismissal unless that Plaintiff signs a complaint containing a short and plain statement of that person's claim showing that person is entitled for relief and a demand for judgment that person seeks. M.R.Civ.P. 8(a).

REC'D CUMB CLERKS OF
FEB 15 '23 PM 1:26

1

blasting project. Although the motion makes some conclusory statements regarding the ongoing impact of the construction project, it does not cite any thing about the ongoing construction project that differs from any ordinary construction project. The Motion cites environmental damage concerns, but cites no law or competent factual foundation supporting an argument that they will succeed. None of the factual information was provided by affidavit or verified complaint as required. M.R.Civ.P. 65(a).

## ANALYSIS

This court may grant a temporary restraining order if it concludes the following criteria are met: (1) the plaintiff will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting the injunctive relief will inflict on the Defendant; (3) the plaintiff has a likelihood of success on the merits: and (4) the public interest will not be adversely affected by granting the injunction. *Bangor Historic Track, Inc. v. Dep't of Agriculture*, 2003 ME 140, ¶ 9, 837 A.2d 129. "Failure to demonstrate that any one of these criteria are met requires that injunctive relief be denied. . . . Proof of irreparable injury is a prerequisite to the granting of injunctive relief." *Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res.*, 837 A.2d 129, 133; 2003 ME 140, ¶10 (citation omitted). Irreparable injury is an injury for which money damages is not available.

Here, the Plaintiffs have provided no facts in support of any of the four requirements under oath as required by Rule 65. Even if the facts in the motion were properly before the court in affidavits or a verified complaint, the motion would be denied. The primary reason for the requested injunction, the blasting, is over, making

2

injunctive relief moot. Many of the claims, i.e. property damage from blasting, are not irreparable injuries, and if proven, could result in a claim for money damages. It is not clear, based on a potpourri of feared harms, that the Plaintiffs will prevail on the merits.

The Plaintiffs Motion for a preliminary injunction is DENIED. Scheduling Order to Issue.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 2/15/23

Thomas R. McKeon
Justice, Maine Superior Court

Entered on the Docket: 02/16/23

**Plaintiffs-Pro Se**
**Defendant-Amy McNally, Esq.**

3